1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    MICHAEL PATRICK PIMENTEL,                Case No.  24-cv-04757 EJD (PR)

Petitioner,

8                                            **ORDER TO SHOW CAUSE**

v.

9

10    MENDOCINO COUNTY,

11                        Respondent.

12

13

14        Petitioner, who is on probation, filed a pro se petition for a writ of habeas corpus

15    pursuant to 28 U.S.C. § 2254, challenging his conviction for driving under the influence

16    (DUI).[1]  Dkt. No. 1.  Petitioner paid the filing fee.  Dkt. No. 2.

17                                    **BACKGROUND**

18        Petitioner was found guilty by a jury in Mendocino County Superior Court of DUI

19    (Veh. Code § 23152, subd. (a)), and driving with a blood alcohol content of 0.08 percent or

20    more (Veh. Code § 23152, subd. (b)).  Dkt. No. 1 at 1.  On August 11, 2021, Petitioner was

21    sentenced to three years of probation.  Id.

22        Petitioner appealed his conviction to the appellate division of the Superior Court of

23    Mendocino County, which affirmed the conviction.  Dkt. No. 1 at 2.  Petitioner then sought

24    a petition for transfer of his case to the Court of Appeal, which denied the petition on

25    November 14, 2023.  Id. at 2-3.  Under McMonagle v. Meyer, 802 F.3d 1093, 1097 (9th

26    Cir. 2015), this concluded direct review of Petitioner's misdemeanor conviction.

27

28    _____

[1] This matter was reassigned to this Court on September 11, 2024.  Dkt. No. 5.

United States District Court
Northern District of California

1    Petitioner filed the instant federal habeas action on August 7, 2024, seeking reversal

2    of the judgment.  Dkt. No. 1.

3                                **DISCUSSION**

4    **A.    <u>Standard of Review</u>**

5        This court may entertain a petition for a writ of habeas corpus "in behalf of a person

6    in custody pursuant to the judgment of a State court only on the ground that he is in

7    custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

8    § 2254(a).

9        It shall "award the writ or issue an order directing the respondent to show cause

10   why the writ should not be granted, unless it appears from the application that the applicant

11   or person detained is not entitled thereto."  <u>Id.</u> § 2243.

12   **B.    <u>Legal Claims</u>**

13       Petitioner claims that his trial attorney provided ineffective assistance of counsel

14   under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), when counsel failed to object to

15   prosecution's false statements during closing argument and then failed to challenge the

16   statements in her own closing arguments.  Dkt. No. 1 at 5.  Liberally construed, this claim

17   is cognizable under § 2254 and merits an answer from Respondent.  <u>See</u>, <u>e.g.</u>, <u>United</u>

18   <u>States v. Reyes</u>, 577 F.3d 1069, 1078 (9th Cir. 2009).

19                               **CONCLUSION**

20       For the foregoing reasons and for good cause shown,

21       1.    The Clerk shall serve electronically a copy of this order upon the Respondent

22   and the Respondent's attorney, the Attorney General of the State of California, at the

23   following email addresses: <u>SFAWTParalegals@doj.ca.gov</u> and

24   <u>docketingsfawt@doj.ca.gov</u>.  The petition and any exhibits thereto are available via the

25   Electronic Case Filing System for the Northern District of California.  The Clerk also shall

26   serve a copy of this order on Petitioner.

27       2.    Respondent shall file with the court and serve on Petitioner, within **ninety**

28   **(90) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of

United States District Court
Northern District of California

2

the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3.     Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4.     It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5.     Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED**.

Dated: November 19, 2024

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

3